**General Civil and Domestic Relations Case Filing Information Form**

☑ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**

☑ **Superior** or ☐ **State Court of** _Clayton_ _____ **County**

**MAR 02, 2022 12:10 PM**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 03-02-2022 | **Case Number** 2022CV00772-10 |
| **MM-DD-YYYY** | |

*Jacqueline D. Wills, Clerk*
*Clayton County, Georgia*

**Plaintiff(s)**

Johnson, Viceola

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Doe 1, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Doe 2, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Doe 3, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

FedEx Ground Package System, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Staggard, Mr. Richard A     **Bar Number** 219153     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ _____
**Case Number**          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

# SUPERIOR COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**

**MAR 02, 2022 12:10 PM**

Jacquline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NUMBER  2022CV00772-10

Johnson, Viceola

_____
**PLAINTIFF**

                                    **VS.**

Doe 1, John
Doe 2, John
Doe 3, John
FedEx Ground Package System, Inc.

_____
**DEFENDANTS**

### SUMMONS

TO: FEDEX GROUND PACKAGE SYSTEM, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Richard A Staggard**
> **Farah and Farah**
> **10 West Adams Street**
> **Jacksonville, Florida 32202**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of March, 2022.**

Clerk of Superior Court

_____
Jacquline D. Wills, Clerk
Clayton County, Georgia

⬧ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**

MAR 02, 2022 12:10 PM

Jacqline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

VICEOLA JOHNSON,                              §
                                             §
          Plaintiff,                         §
                                             §
v.                                           §     Civil Action No.:
                                             §
FEDEX GROUND PACKAGE SYSTEM,                 §
INC., JOHN DOE 1, JOHN DOE 2, JOHN           §
DOE 3 and ABC, INC., WHOSE TRUE              §
NAMES ARE CURRENTLY UNKNOWN                  §
TO PLAINTIFF,                                §
                                             §
          Defendants.                        §

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, **Viceola Johnson**, and files this complaint for damages against

Defendant**, FedEx Ground Package System, Inc., John Doe 1, John Doe 2, John Doe 3 and**

**ABC, Inc.** as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff, **Viceola Johnson** (hereinafter "Plaintiff") is currently, and at all relevant times

has been, a resident of the State of Florida and voluntarily subjects herself to the jurisdiction of

this Court.

2.

Defendant, **FedEx Ground Package System, Inc.** (hereinafter "Defendant FedEx"), is a

foreign corporation, with a principal office located at 1000 Fed Ex Drive, Moon Township,

Pennsylvania 15108-9373, and on the date of the incident complained of herein, upon information

and belief, was the owner of that certain property located at 4615 Southpark Blvd, Ellington,

Clayton County Georgia and/or 4665 Southpark Blvd, Ellenwood, Clayton County Georgia.

Defendant FedEx may be served with the summons, complaint, and discovery in this matter

pursuant to the provisions of O.C.G.A. § 9-10-94, and through its authorized agent, the Secretary

of State of Georgia, pursuant to O.C.G.A. § 40-12-1, et seq.

3.

Upon information and belief, at the time of the incident complained of herein, Defendant John Doe

1, whose true name is presently unknown to Plaintiff, was an employee, agent, or apparent agent of

Defendant FedEx, and John Doe 1 is alleged to have caused plaintiffs injuries within Clayton County, and

when identified by Defendant FedEx will be subject to the jurisdiction of this Court.

4.

Upon information and belief, at the time of the incident complained of herein, Defendant John Doe

2, whose true name is presently unknown to Plaintiff, was also an employee, agent, or apparent agent of

Defendant FedEx, and John Doe 2 is alleged to have caused plaintiffs injuries within Clayton County, and

when identified by Defendant FedEx will be subject to the jurisdiction of this Court.

5.

Upon information and belief, at the time of the incident complained of herein, Defendant John Doe

3, whose true name is presently unknown to Plaintiff, was an employee, agent, or apparent agent of

Defendant ABC, Inc. and  is alleged to have caused plaintiffs injuries within Clayton County, and when

identified by Defendant FedEx or otherwise, will be subject to the jurisdiction of this Court.

6.

Upon information and belief, at the time of the incident complained of herein, Defendant ABC,

Inc. whose true name is presently unknown to Plaintiff, was the employer, principal or otherwise vicariously

liable for the negligent acts of John Doe 3 and is alleged to have caused plaintiffs injuries within Clayton

County, and when identified by Defendant FedEx or otherwise, will be subject to the jurisdiction of this

Court.

7.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

8.

On or about July 3, 2020, Plaintiff was a business invitee of Fed Ex's business property located at 4615 and/or 4665 Southpark Blvd, Ellenwood, Georgia 30294.

9.

On or about July 3, 2020, at or around 4:30 a.m., after stopping her semi-truck and trailer on the subject property, Plaintiff, while walking back to her tractor, tripped and fell on the black remnants of a broken and/or damaged safety pole that was sticking out from the road surface.

10.

As a direct and proximate result of Plaintiff's fall, Plaintiff suffered traumatic and permanent psychological and physical injuries, including but not limited to, both of her shoulders, which caused Plaintiff to immediately suffer physical pain and discomfort.

11.

At all times relevant to this Complaint, Defendant FedEx had exclusive ownership, possession and control over the subject property located at 4615 and/or 4665 Southpark Blvd, Ellenwood, Georgia 30294.

12.

At all times relevant to this Complaint, Defendant FedEx was responsible for maintaining the area where Plaintiff fell. Defendant FedEx knew or should have known that this specific area as well as the black remnants of the broken and/or damaged safety pole was dangerous, unmaintained, and uneven. Defendant FedEx also knew or should have known that failure of this safety equipment was predictable under all of the facts and circumstances.

13.

At all times relevant to this Complaint, Plaintiff exercised due care for her own safety, and was not provided adequate notice of any dangerous, hazardous and/or defective conditions.

14.

As a result of this fall, Plaintiff suffered physical, mental, and emotional injuries.

**COUNT I**
**PREMISES LIABILITY AS TO DEFENDANT FEDEX GROUND PACKAGE SYSTEM,**
**INC.**

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

Plaintiff was an invitee at Defendant FedEx's property at the time of the fall.

17.

Defendant FedEx owed Plaintiff a non-delegable duty of reasonable care and keeping its the above-described area and property safe for invitees like Plaintiff.

18.

Defendant FedEx was negligent in failing to give adequate notice of concealed and hazardous conditions in the area where Plaintiff's fall occurred, in failing to inspect and/or maintain the grounds, and in failing to keep the above-described area and property safe for invitees like plaintiff.

19.

At all times relevant, the defendants John Doe 1 and John Doe 2, whose true identities are unknown to plaintiff, were employees and/or agents of FedEx acting within the course and scope of their employment and/or agency with FedEx and knew, or in the exercise of reasonable care, should have known about the black remnants of the broken and/or damaged safety pole and that same posed an unreasonable risk of harm to invitees of FedEx. FedEx is vicariously liable for the negligence of John Doe 1 and John Doe 2, whose true identities are unknown to plaintiff.

20.

Defendant FedEx's negligence was the sole proximate cause of Plaintiff's injuries.

## COUNT II
## LIABILITY AS TO DEFENDANTS JOHN DOE 3 and ABC, INC.

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

At all times relevant, the defendant John Doe 3 was an employee and/or agent of ABC, Inc. acting within the course and scope of their employment/agency for and with ABC, Inc. Alternatively, John Doe 3 was operating under the DOT placard of the defendant ABC, Inc. at all relevant times. This makes defendant ABC, Inc. vicariously liable for the negligence of defendant John Doe 3.

23.

Defendant John Doe 3 was negligent in striking and/or damaging the safety pole, the remnants of which Plaintiff tripped over as outlined above.

24.

Defendant John Doe 3's negligence was a proximate cause of Plaintiff's injuries.

## COUNT III
## DAMAGES

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

As a direct result of Defendants' negligence and/or recklessness, Plaintiff suffered traumatic and permanent psychological and physical injuries, including but not limited to both shoulders and upper extremities, and has incurred reasonable medical expenses necessary to treat those injuries, in amounts which will be proven at the time of trial, as well as sustaining severe physical and emotional

pain and suffering. All of Plaintiff's damages will continue into the future, to the extent said injuries are permanent.

27.

In addition to the foregoing damages, Plaintiff avers that as a direct and proximate result of the aforementioned acts of negligence and/or recklessness of FedEx and, if properly identified, the defendants currently unknown to plaintiff, she was caused to suffer and incur the following injuries and damages for which she seeks to recover:

    (a)    Personal injuries;

    (b)    Pain and suffering;

    (c)    Disability;

    (d)    Disfigurement;

    (e)    Mental anguish;

    (f)    Loss of the capacity for the enjoyment of life;

    (g)    Impaired ability to labor;

    (h)    Loss of earning capacity;

    (i)    Loss of earnings;

    (j)    Travel expenses for seeking medical treatment;

    (k)    Other related Collisional expenses;

    (l)    Permanent injuries; and

    (m)    Future medical expenses.

**WHEREFORE**, having fully set forth her claims for damages against the Defendants, and based upon the pleadings herein, Plaintiff respectfully prays and requests that this Court:

    (a)    For past, present, and future medical and doctor expenses in an amount to be proven through the evidence at the trial;

(b)     For past, present, and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c)     For past, present, and future travel expenses for seeking medical treatment in amounts which will be proven at the time of trial through the evidence;

(d)     For past, present, and future lost wages and lost earning capacity in amounts which will be proven at the time of trial through the evidence;

(e)     That a jury be impaneled to resolve all factual disputes;

(f)     For such other and further relief, the Court deems just and proper; and

(g)     That Plaintiff be allowed to freely amend this Complaint in order to avoid manifest injustice.

Dated this 21st day of March, 2022.

FARAH & FARAH, P.A.

Richard A. Staggard, Esq.
Georgia Bar No. 219153

FARAH & FARAH, P.A.
10 West Adams Street
Jacksonville, FL 32202
T/F: (904) 559-1406
rstaggard@farahandfarah.com
acook@farahandfarah.com
hreiter@farahandfarah.com

Attorney for Plaintiff, Viceola Johnson

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**
**Shana Rooks Malone**
MAR 25, 2022 03:11 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

**IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **VICEOLA JOHNSON,** | : | **CIVIL ACTION FILE** |
| **Plaintiff** | : | **NO.: 2022CV00772-10** |
| **v.** | : | |
| | : | |
| **DOE 1, JOHN** | : | |
| **DOE 2, JOHN** | : | |
| **DOE 3, JOHN** | : | |
| **FEDEX GROUND PACKAGE SYSTEM. INC.** | : | |
| **Defendants** | : | |

## NOTICE OF ENTRY OF APPEARANCE

Undersigned counsel for Employer/Self-Insurer and their third-party Administrator,

**BARR-NUNN TRANSPORTATION and SEDGWICK CMS,** ("proposed Intervenors"), files

this *Notice of Entry of Appearance* as counsel for proposed Intervenors in this case. Please copy

the undersigned counsel on all future notices, correspondences, and pleadings to:

Benjamin A. Leonard, Esq.
**CIPRIANI & WERNER P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
bleonard@c-wlaw.com

Respectfully submitted, this 25th day of March, 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No. 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY I have this date served upon parties and counsel below a true and correct copy of the foregoing *Notice of Entry of Appearance* by filing with the Clerk of Court using PeachCourt eFile GA which will automatically send email notification of such filing and by STATUTORY ELECTRONIC SERVICE, or if email is not available by depositing a true and correct copy of same via U.S. Mail with proper postage affixed thereto:

Richard A. Staggard, Esq.
10 West Adams Street
Jacksonville, FL 32202
<u>rstaggard@farahandfarah.com</u>

Megan Parkman
Custard Insurance Adjusters, Inc.
3135 Avaion Ridge Place
Peachtree Corners, GA 30071

This 25th day of March 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No.: 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

⬡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**

MAR 02, 2022 12:10 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

VICEOLA JOHNSON,                          )
                                          )
    Plaintiff,                        )
                                          )
vs.                                       )      Civil Action No.:
                                          )
FEDEX GROUND PACKAGE SYSTEM,              )
INC., JOHN DOE 1, JOHN DOE 2, JOHN        )
DOE 3 and ABC, INC., WHOSE TRUE           )
NAMES ARE CURRENTLY UNKNOWN TO            )
PLAINTIFF,                                )
                                          )
    Defendants.                       )

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing, ***Plaintiff's First Interrogatories to Defendant FedEx Ground Package System, Inc.,*** along with the Complaint and Summons, served upon:

FedEx Ground Package System, Inc.
c/o The Corporation Company (FL)
106 Colony Park Drive, Suite 800-B
Cumming, GA 30040

This ____ day of March, 2022.

Richard A. Staggard, Esq.
Georgia Bar No.: 219153

FARAH & FARAH, P.A.
10 West Adams Street
Jacksonville, FL 32202
(904) 559-1406 (Telephone/ Facsimile)
rstaggard@farahandfarah.com

Attorney for Plaintiff, Viceola Johnson

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**
Shana Rooks Malone
MAR 28, 2022 04:03 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I have this date served upon parties and counsel below a true and correct copy by US Certified Mail of the foregoing *Motion for Intervention and Special Verdict, Brief in Support, and Proposed Court Order* by filing with the Clerk of Court using PeachCourt EFile GA which will automatically send email notification of such filing and by STATUTORY ELECTRONIC SERVICE, or if email is not available by depositing a true and correct copy of same via U.S. Mail with proper postage affixed thereto:

Richard A. Staggard, Esq.
10 West Adams Street
Jacksonville, FL 32202

Megan Parkman
Custard Insurance Adjusters, Inc.
3135 Avaion Ridge Place
Peachtree Corners, GA 30071

This 28th day of March 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No.: 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

**SHERIFF'S ENTRY OF SERVICE**

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
~~FORSYTH~~ COUNTY, GEORGIA

2022CV00772-10

APR 06, 2022 05:05 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

CIVIL ACTION NO. 2022CV00772-10

[ ] MAGISTRATE [ ] STATE [ ] SUPERIOR COURT
~~FORSYTH~~ COUNTY, GEORGIA

Clayton

DATE FILED 03.02.2022

Viceola Johnson

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

PLAINTIFF(S)
VS.

Fedex Ground Package inc.

DEFENDANT(S)

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Fedex Ground Package System INC.
106 Colony Park Dr. Ste 800B
Cumming, GA 30040.

GARNISHEE

Other attached documents to be served:

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL**  Upon the following named defendant:

[ ] **NOTORIOUS** Upon defendant
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to _____ described as follows: approximate age

yrs; approximate weight_____pounds; approximate height_____feet and _____inches, domiciled at residence of the defendant.

[X] **CORPORATION** Upon corporation The corporation company

By serving _____, in charge of the office and place of business of the corporation in this county.

By serving _____ nelson kelly _____, its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

This ___28th___ day of ___March___, 20_22_

_____
Deputy

SHERIFF DOCKET _____ PAGE_____

⊛ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**

**Shana Rooks Malone**
MAR 28, 2022 04:03 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

VICEOLA JOHNSON,  :  CIVIL ACTION FILE
        Plaintiff  :  NO.: 2022CV00772-10
v.  :
   :
DOE 1, JOHN  :
DOE 2, JOHN  :
DOE 3, JOHN  :
FEDEX GROUND PACKAGE SYSTEM. INC.  :
        Defendants.  :

### EMPLOYER/SELF-INSURER'S NOTICE OF SUBROGATION LIEN

COME NOW, BARR-NUNN TRANSPORTATION, Employer and Self-Insurer, and their third-party administrator Sedgwick CMS (the "proposed Intervenors"), with respect to the Workers' Compensation claim (D/A: 02/11/2021), and hereby give notice of their Subrogation Lien, pursuant to O.C.G.A. § 34-9-11.1, for indemnity and medical payments on said Workers' Compensation claim, and request reimbursement from the alleged third party tortfeasor FedEx Ground Package System Inc., and from Plaintiff and Plaintiff's attorney to the extent any settlement or recovery is received.

Through March 25, 2022, the total amount of the Subrogation Lien is $72,578.37, comprised of medical benefits in the amount of $8,247.05, with associated expenses of an additional $5,717.82 (total of $13,964.87) and wage loss benefits in the amount of $58,613.50. As additional payments for indemnity or medical expenses are likely to be paid by the Employer/Insurer on this claim, the amount of the Subrogation Lien will increase.

Be advised that any attempt to settle this matter without honoring the full amount of the Workers' Compensation Subrogation Lien will be without prejudice to this lien.

This 28th day of March 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No.: 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I have this date served the *Employer/Insurer's Notice of Subrogation Lien* by filing with the Clerk of Court using PeachCourt eFile GA which will automatically send email notification of such filing and by STATUTORY ELECTRONIC SERVICE, or if email is not available by depositing a true and correct copy of same via U.S. Mail with proper postage affixed thereto:

> Richard A. Staggard, Esq.
> 10 West Adams Street
> Jacksonville, FL 32202
>
> Megan Parkman
> Custard Insurance Adjusters, Inc.
> 3135 Avaion Ridge Place
> Peachtree Corners, GA 30071

This 28th day of March 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No.: 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**

**Shana Rooks Malone**
MAR 28, 2022 04:03 PM

Jacqueline D. Wills, Clerk
Clayton County, Georgia

### IN THE SUPERIOR COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

VICEOLA JOHNSON,                         :        CIVIL ACTION FILE
        Plaintiff                        :        NO.: 2022CV00772-10
v.                                       :
                                         :
DOE 1, JOHN                              :
DOE 2, JOHN                              :
DOE 3, JOHN                              :
FEDEX GROUND PACKAGE SYSTEM. INC.        :
        Defendants.                      :

### MOTION FOR INTERVENTION AND SPECIAL VERDICT

COME NOW, BARR-NUNN TRANSPORTATION, Employer and Self-Insurer, and its third-party administrator Sedgwick CMS (the "proposed Intervenors"), and hereby move this Court for an Order allowing them to intervene in the above-captioned proceeding for the purpose of asserting their subrogation lien, pursuant to O.C.G.A. § 34-9-11.1 and 9-11-24, a copy of which is attached, marked as Exhibit A, and by reference made a part hereof, as evidenced by the most current payment ledger, which is attached, marked as Exhibit B, and by reference made a part hereof.

Said parties hereby also move for a Special Verdict to be submitted to the Jury at the time of its deliberation as follows:

> We the jury find in favor of the plaintiff(s), Viceola Johnson, and award damages in the amount of $_____ in past medical expenses, $_____ in future medical expenses, $_____ in past lost income, $_____ in future lost income, and $_____ for pain and suffering, against Defendant(s), _____, jointly and severally.

Said parties also move to have the Pre-Trial Order include an Order to allow Intervention and to include a Special Verdict, and for the following provisions:

(1)    The Intervenors will not be named in the style of the case.

(2)     The Plaintiff must present to the jury "all available evidence" of economic and non-economic damages.

(3)     The Plaintiff must do nothing at the trial to prejudice the Intervenors' lien.

(4)     The jury will return a special verdict, separating the various special damages.

(5)     The Intervenors may present evidence to support their lien outside the jury's presence.

(6)     The Plaintiff may raise objections and present evidence disputing the validity or extent of the Intervenors' claim.

(7)     If the Plaintiff recovers from Defendants, the Court shall apportion a reasonable attorneys' fee between the Plaintiff's attorney and the Intervenors' attorney in proportion to the services rendered under O.C.G.A. § 34-9-11.1 (d).  Sommers v. State Compensation Insurance Fund, 229 Ga. App. 352, 494 S.E.2d 82 (1997).

RESPECTFULLY SUBMITTED, this 28th day of March 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No.: 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

VICEOLA JOHNSON,                          :       CIVIL ACTION FILE
        Plaintiff                    :       NO.: 2022CV00772-10
v.                                        :
                                          :
DOE 1, JOHN                               :
DOE 2, JOHN                               :
DOE 3, JOHN                               :
FEDEX GROUND PACKAGE SYSTEM. INC.         :
        Defendants.                  :

### EMPLOYER/SELF-INSURER'S NOTICE OF SUBROGATION LIEN

COME NOW, BARR-NUNN TRANSPORTATION, Employer and Self-Insurer, and their third-party administrator Sedgwick CMS (the "proposed Intervenors"), with respect to the Workers' Compensation claim (D/A: 02/11/2021), and hereby give notice of their Subrogation Lien, pursuant to O.C.G.A. § 34-9-11.1, for indemnity and medical payments on said Workers' Compensation claim, and request reimbursement from the alleged third party tortfeasor FedEx Ground Package System Inc., and from Plaintiff and Plaintiff's attorney to the extent any settlement or recovery is received.

Through March 25, 2022, the total amount of the Subrogation Lien is $72,578.37, comprised of medical benefits in the amount of $8,247.05, with associated expenses of an additional $5,717.82 (total of $13,964.87) and wage loss benefits in the amount of $58,613.50.  As additional payments for indemnity or medical expenses are likely to be paid by the Employer/Insurer on this claim, the amount of the Subrogation Lien will increase.

Be advised that any attempt to settle this matter without honoring the full amount of the Workers' Compensation Subrogation Lien will be without prejudice to this lien.


EXHIBIT
A
P. 1 OF 3

This 28th day of March 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No.: 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

Exh A
p.2 of 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I have this date served the *Employer/Insurer's Notice of Subrogation Lien* by filing with the Clerk of Court using PeachCourt eFile GA which will automatically send email notification of such filing and by STATUTORY ELECTRONIC SERVICE, or if email is not available by depositing a true and correct copy of same via U.S. Mail with proper postage affixed thereto:

Richard A. Staggard, Esq.
10 West Adams Street
Jacksonville, FL 32202

Megan Parkman
Custard Insurance Adjusters, Inc.
3135 Avaion Ridge Place
Peachtree Corners, GA 30071

This 28th day of March 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No.: 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

Exh A
p. 3 of 3

Total Payments Found:                     298

Financial Information for CLAIM:

|                                 | Indemnity    | Medical     | Expense     | Totals       |
|---------------------------------|--------------|-------------|-------------|--------------|
| Total Paid                      | $58,613.50   | $8,247.05   | $5,717.82   | $72,578.37   |
| Less 1st Party Deductibles      | $0.00        | $0.00       | $0.00       | $0.00        |
| Less Expected Receivables       | $0.00        | $0.00       | $0.00       | $0.00        |
| Less Recoveries                 | $0.00        | $0.00       | $0.00       | $0.00        |
| Cost to Date                    | $58,613.50   | $8,247.05   | $5,717.82   | $72,578.37   |
| Scheduled                       | $15,285.69   | $0.00       | $0.00       | $15,285.69   |
| Less Outstanding Reimbursables  | $0.00        | $0.00       | $0.00       | $0.00        |



sedgwick

EXHIBIT
B
p.1 of 12

sedgwick

```
Date: 03/23/2022  9:53am                                         Page:        11
============================================================    Date Loss : 07/03/2020
Claim Number : BANN-0188   - Barr-Numn Transportation, Inc
Client       : 7574        - Barr-Numn Transportation, Inc
Account      : 75740001    - Barr-Numn Transportation
Unit         :
Claimant     :            - Johnson, Viceola
============================================================
-------------------------TRANSACTION TOTALS-------------------------
```

| Benefit Type | Pay Code | Pay From | Pay Through | Benefit Total |
|---|---|---|---|---|
| Medical Bill Audit Fee | 650 | 12/02/2020 | 12/02/2020 | $59.94 |
| Medical Bill Audit Fee | 650 | 12/24/2020 | 12/24/2020 | $34.32 |
| Medical Bill Audit Fee | 650 | 12/28/2020 | 12/28/2020 | $11.44 |
| Medical Bill Audit Fee | 650 | 01/08/2021 | 01/08/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 03/09/2021 | 03/09/2021 | $59.94 |
| Medical Bill Audit Fee | 650 | 03/16/2021 | 03/16/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 04/06/2021 | 04/06/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 05/05/2021 | 05/05/2021 | $9.36 |
| Medical Bill Audit Fee | 650 | 05/18/2021 | 05/18/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 05/20/2021 | 05/20/2021 | $9.36 |
| Medical Bill Audit Fee | 650 | 05/27/2021 | 05/27/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 06/24/2021 | 06/24/2021 | $23.76 |
| Medical Bill Audit Fee | 650 | 08/07/2021 | 08/07/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 09/09/2021 | 09/09/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 09/14/2021 | 09/14/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 09/22/2021 | 09/22/2021 | $23.76 |
| Medical Bill Audit Fee | 650 | 10/06/2021 | 10/06/2021 | $9.12 |
| Medical Bill Audit Fee | 650 | 12/03/2021 | 12/03/2021 | $11.42 |
| Medical Bill Audit Fee | 650 | 12/22/2021 | 12/22/2021 | $9.12 |
| Legal Fees (Non-Litigated) | 657 | 02/06/2021 | 02/08/2021 | $12,... |
| Medicare Set Aside Fee | 658 | 12/29/2020 | 12/29/2020 | $31,444.75 |
| Defense Attorney | 675 | 02/02/2022 | 02/02/2022 | $4,654.03 |


sedgwick®

```
Date: 03/23/2022   9:53am                                                    Page:   1
====================================================================   Date Loss : 07/03/2020
Claimant    : Johnson, Viceola
====================================================================
Account     : 15740001   - Barr-Numn Transportation, Inc
Client      : BARN-0188  - Barr-Numn Transportation, Inc
Claim Number: 7574       - Barr-Numn Transportation
====================================================================

-----------------------------TRANSACTION TOTALS-----------------------------

Total by:                   0   102,105,106,301,316,388,639,649,650,657,658,675   Individual/Multiple
Paycode:                    0
Provider:
Print Date Begin:
Print Date End:
Service Date Begin:
Service Date End:
```

| Pay Date | St. | Payee | Cd. | Amount | Check # | From | Thru |
|---|---|---|---|---|---|---|---|
| 03/01/2022 | SYS | Smart Comp LLC | 316 | $600.20 | 0 | 11/25/2021 | 08/01/2021 |
| 03/03/2022 | SYS | Smart Comp LLC | 316 | $450.00 | 0 | | |
| 03/03/2022 | SYS | Smart Comp LLC | 316 | $500.00 | 0 | | |
| 03/03/2022 | SYS | Sedgwick CMS - National B | 650 | $59.24 | 0 | | |
| 03/03/2022 | SYS | Sedgwick CMS - National B | 650 | $4.12 | 0 | | |
| 03/07/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 03/14/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 03/21/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 03/28/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 04/04/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 04/11/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 04/18/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 04/25/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 05/02/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 05/09/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 05/16/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 05/23/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 05/31/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 06/06/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 06/13/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 06/20/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 06/27/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 07/05/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 07/11/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 07/18/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 07/25/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |
| 08/01/2022 | SCH | Viceola Johnson | 105 | $804.51 | 0 | | |

Exh. B
p. 3 of 12

Date: 03/23/2022    9:53am

| Claim Number | : BARN-0188 |
| Client | : Barr-Nunn Transportation, Inc |
| Amount | : 75740001 - Barr-Nunn Transportation, Inc |
| Unit | : |
| Claimant | : Johnson, Viceola |

Page: 2
Date Loss : 07/03/2020

---TRANSACTION TOTALS---

| Pay Date | St. | Payee | Cd. | Amount | Check # | From | Thru |
|---|---|---|---|---|---|---|---|
| 12/17/2021 | SYS | Smart Comp LLC | 316 | $14.82 | 10355 | 11/12/2021 | 11/18/2021 |
| 12/17/2021 | SYS | Smart Comp LLC | 316 | $82.80 | 10353 | 12/30/2020 | 12/30/2020 |
| 12/03/2021 | SYS | Smart Comp LLC | 316 | $14.80 | 10342 | 10/07/2021 | 10/07/2021 |
| 12/03/2021 | SYS | Smart Comp LLC | 316 | $60.18 | 10339 | 08/13/2021 | 08/20/2021 |
| 12/03/2021 | SYS | Smart Comp LLC | 316 | $32.62 | 10330 | 11/30/2021 | 11/30/2021 |
| 11/02/2021 | SYS | Viceola Johnson | 022 | $14.08 | 10510 | 07/28/2021 | 07/28/2021 |
| 11/02/2021 | SYS | Sedgwick CMS - National B | 650 | $9.74 | 10500 | 07/26/2021 | 07/26/2021 |
| 11/02/2021 | SYS | Viceola Johnson | 022 | $51.12 | 10490 | 07/28/2021 | 07/28/2021 |
| 09/14/2021 | SYS | Viceola Johnson | 022 | $12.48 | 10480 | 07/07/2021 | 07/07/2021 |
| 07/27/2021 | SYS | Viceola Johnson | 022 | $804.38 | 10433 | 06/08/2021 | 06/08/2021 |
| 07/27/2021 | SYS | Corridor Law Group PC | 670 | $804.38 | 10458 | 06/28/2021 | 06/28/2021 |
| 03/31/2021 | SYS | Viceola Johnson | 022 | $259.50 | 04358 | 03/25/2021 | 03/25/2021 |
| 03/31/2021 | SYS | Viceola Johnson | 022 | $224.00 | 04820 | 03/08/2021 | 03/12/2021 |
| 03/27/2021 | SYS | Viceola Johnson | 022 | $14.80 | 04433 | 03/03/2021 | 03/03/2021 |
| 03/27/2021 | SYS | Viceola Johnson | 022 | $74.62 | 04442 | 03/01/2021 | 03/01/2021 |
| 03/27/2021 | SYS | Sedgwick CMS - National B | 650 | $32.20 | 04458 | 02/25/2021 | 02/25/2021 |
| 03/18/2021 | SYS | Sedgwick CMS - National B | 650 | $14.80 | 03988 | 02/18/2021 | 02/18/2021 |
| 03/03/2021 | SYS | Smart Comp LLC | 316 | $804.38 | 03744 | 01/11/2021 | 01/11/2021 |
| 03/03/2021 | SYS | Smart Comp LLC | 316 | $804.38 | 03621 | 02/03/2021 | 02/08/2021 |
| 03/03/2021 | SYS | PHYSICAL THERAPY SER | 316 | $804.38 | 03655 | 01/04/2021 | 01/08/2021 |
| 03/03/2021 | SYS | PHYSICAL THERAPY SER | 316 | $804.38 | 03663 | 12/28/2020 | 01/01/2021 |
| 02/28/2021 | SYS | PHYSICAL THERAPY SER | 316 | $804.38 | 03574 | 12/21/2020 | 12/25/2020 |
| 02/25/2021 | SYS | PHYSICAL THERAPY SER | 316 | $1,608.76 | 03560 | 12/07/2020 | 12/18/2020 |
| 03/03/2021 | SYS | PHYSICAL THERAPY SER | 316 | $1,608.76 | 03622 | 12/09/2020 | 12/15/2020 |
| 03/03/2021 | SYS | Smart Comp LLC | 316 | $134.28 | 03607 | 10/25/2020 | 10/31/2020 |
| 02/03/2021 | SYS | Sedgwick CMS - National B | 650 | $9.48 | 03602 | 12/02/2020 | 12/02/2020 |
| 02/23/2021 | SYS | Sedgwick CMS - National B | 650 | $5.51 | 03561 | 11/24/2020 | 11/24/2020 |
| 02/23/2021 | SYS | Sedgwick CMS - National B | 650 | $55.12 | 03566 | 11/18/2020 | 11/18/2020 |
| 02/23/2021 | SYS | Aqua-Net | 649 | $39.46 | 03565 | 09/01/2020 | 09/11/2020 |
| 02/23/2021 | SYS | Aqua-Net | 650 | $51.62 | 03564 | 10/04/2020 | 10/09/2020 |
| 02/23/2021 | SYS | Aqua-Net | 650 | $304.91 | 03557 | 11/02/2020 | 11/02/2020 |
| 02/17/2021 | SYS | Viceola Johnson | 022 | $304.01 | 03454 | 08/25/2020 | 08/30/2020 |
| 02/17/2021 | SYS | Smart Comp LLC | 316 | $114.82 | 03452 | 11/07/2020 | 11/13/2020 |
| 02/17/2021 | SYS | Smart Comp LLC | 316 | $804.38 | 03353 | 09/30/2020 | 10/07/2020 |
| 02/17/2021 | SYS | Smart Comp LLC | 316 | $1,608.76 | 03355 | 11/30/2020 | 11/30/2020 |


sedgwick.

Exh. B
p.4 of 12

Date: 03/23/2022  9:53am
Page: 3

Claim Number : BARN-0188 - Barr-Nunn Transportation, Inc
Client       : 5740001 - Barr-Nunn Transportation, Inc
Accident     : Barr-Nunn Transportation
Unit         :
Claimant     : Johnson, Viceola          Date Loss : 07/03/2020

----------- TRANSACTION TOTALS -----------

| Pay Date | St. | Payee | Cd. | Amount | Check # | From | Thru |
|---|---|---|---|---|---|---|---|



Exh. B
P. 5 of 12



Date: 03/23/2022   9:53am
Page:      4

Date Loss : 07/03/2020

```
Claimant     : Johnson, Viceola
Amount       :
Account      : 7574 0001 - Barr-Nunn Transportation, Inc
Client       : Barr-Nunn Transportation, Inc
Claim Number : BARN-0188  - Barr-Nunn Transportation, Inc
```

-----------------------------TRANSACTION TOTALS-----------------------------

| Pay Date | St. | Payee | Cd. | Amount | Check # | From | Thru |
|---|---|---|---|---|---|---|---|
| 11/05/2021 | SYS | Sedgwick CMS - National B | 649 | $661.51 | 10268 | 10/05/2021 | 10/10/2021 |
| 11/04/2021 | SYS | Agva-Net | 3116 | $24.95 | 10261 | 09/28/2021 | 09/28/2021 |
| 11/04/2021 | SYS | Agva-Net | 3116 | $24.95 | 10260 | 09/24/2021 | 09/24/2021 |
| 11/04/2021 | SYS | Agva-Net | 3116 | $24.95 | 10259 | 09/27/2021 | 09/27/2021 |
| 11/01/2021 | SYS | Viceola Johnson | 1022 | $804.68 | 10257 | 10/06/2021 | 10/06/2021 |
| 10/26/2021 | SYS | Viceola Johnson | 1022 | $804.68 | 10256 | 10/04/2021 | 10/04/2021 |
| 10/22/2021 | SYS | Sedgwick CMS - National B | 6500 | $133.94 | 10255 | 09/27/2021 | 09/27/2021 |
| 10/22/2021 | SYS | Sedgwick CMS - National B | 6500 | $133.94 | 10254 | 09/28/2021 | 09/28/2021 |
| 10/18/2021 | SYS | Sedgwick CMS - National B | 3162 | $559.94 | 10253 | 09/24/2021 | 09/24/2021 |
| 10/18/2021 | SYS | PHYSICAL THERAPY SER | 3116 | $440.12 | 10252 | 09/28/2021 | 09/28/2021 |
| 10/18/2021 | SYS | PHYSICAL THERAPY SER | 3116 | $234.24 | 10251 | 09/24/2021 | 09/24/2021 |
| 10/18/2021 | SYS | PHYSICAL THERAPY SER | 3116 | $459.40 | 10250 | 09/28/2021 | 09/28/2021 |
| 10/15/2021 | SYS | Agva-Net | 3116 | $24.95 | 10249 | 09/28/2021 | 09/28/2021 |
| 10/12/2021 | SYS | Viceola Johnson | 1022 | $804.68 | 10248 | 10/01/2021 | 10/01/2021 |
| 10/08/2021 | SYS | Sedgwick CMS - National B | 6500 | $133.94 | 10247 | 09/24/2021 | 09/24/2021 |
| 10/08/2021 | SYS | Sedgwick CMS - National B | 6500 | $133.94 | 10246 | 09/28/2021 | 09/28/2021 |
| 10/08/2021 | SYS | Sedgwick CMS - National B | 6909 | $961.28 | 10245 | 09/27/2021 | 09/27/2021 |
| 10/05/2021 | SYS | Smart Comp LLC | 3116 | $32.08 | 10444 | 09/24/2021 | 09/24/2021 |
| 10/05/2021 | SYS | Smart Comp LLC | 3116 | $32.08 | 10443 | 09/27/2021 | 09/27/2021 |
| 10/05/2021 | SYS | Smart Comp LLC | 6909 | $961.28 | 10442 | 09/28/2021 | 09/28/2021 |
| 10/05/2021 | SYS | Smart Comp LLC | 6909 | $961.28 | 10441 | 09/24/2021 | 09/24/2021 |
| 10/05/2021 | SYS | Viceola Johnson | 1022 | $804.68 | 10440 | 09/28/2021 | 09/28/2021 |
| 09/28/2021 | SYS | Smart Comp LLC | 6909 | $961.28 | 10439 | 09/27/2021 | 09/27/2021 |
| 09/28/2021 | SYS | Sedgwick CMS | 6540 | $804.18 | 10438 | 09/24/2021 | 09/24/2021 |
| 09/24/2021 | SYS | Viceola Johnson | 1022 | $804.68 | 10437 | 09/06/2021 | 09/06/2021 |
| 09/24/2021 | SYS | Smart Comp LLC | 3116 | $32.28 | 10436 | 09/27/2021 | 09/27/2021 |
| 09/24/2021 | SYS | Smart Comp LLC | 3116 | $32.28 | 10335 | 09/24/2021 | 09/24/2021 |
| 09/23/2021 | SYS | Johnson | 6500 | $133.94 | 10334 | 09/06/2021 | 09/06/2021 |
| 09/22/2021 | SYS | Sedgwick CMS - National B | 6500 | $50.11 | 10333 | 09/10/2021 | 09/10/2021 |
| 09/22/2021 | SYS | Sedgwick CMS - National B | 6500 | $114.92 | 10332 | 09/28/2021 | 09/28/2021 |
| 09/22/2021 | SYS | Sedgwick CMS - National B | 3116 | $34.42 | 10332 | 09/10/2021 | 09/10/2021 |
| 09/22/2021 | SYS | Agva-Net - National B | 3116 | $34.42 | 10332 | 09/10/2021 | 09/10/2021 |

Date: 03/23/2022   9:53am
Page: 5
Date Loss : 07/03/2020

```
===================================================================
Client Number : BARN-0188   - Barr-Numn Transportation, Inc
Claim Number  : 5740001     - Barr-Numn Transportation, Inc
Accident                    - Barr-Numn Transportation
Unient
Claimant      : Johnson, Viceola
              - Johnson, Viceola
===================================================================
```

---TRANSACTION TOTALS---

| Pay Date | St. | Payee | Cd. | Amount | Check # | From | Thru |
|---|---|---|---|---|---|---|---|
| 09/10/2021 | SYS | AQva-Net | 6649 | $24.95 | 10332 | 09/10/2021 | 09/10/2021 |
| 09/14/2021 | SYS | AQva-Net | 3316 | $361.42 | 10331 | 09/14/2021 | 09/14/2021 |
| 09/14/2021 | SYS | AQva-Net | 3316 | $442.95 | 10331 | 09/14/2021 | 09/14/2021 |
| 09/27/2021 | SYS | Viceola Johnson | 1002 | $8,004.25 | 10330 | 09/27/2021 | 09/27/2021 |
| 09/27/2021 | SYS | Viceola Johnson | 1002 | $4,004.25 | 10330 | 09/27/2021 | 09/27/2021 |
| 08/27/2021 | SYS | Viceola Johnson | 1002 | $800.84 | | 08/27/2021 | 08/27/2021 |
| 08/20/2021 | SYS | Viceola Johnson | 1002 | $444.84 | | 08/20/2021 | 08/20/2021 |
| 08/13/2021 | SYS | Viceola Johnson | 6649 | $444.84 | | 08/13/2021 | 08/13/2021 |
| 08/06/2021 | SYS | Viceola Johnson | 6649 | $444.84 | | 08/06/2021 | 08/06/2021 |
| 07/30/2021 | SYS | Viceola Johnson | 6649 | $444.84 | | 07/30/2021 | 07/30/2021 |
| 07/23/2021 | SYS | Viceola Johnson | 6649 | $444.84 | | 07/23/2021 | 07/23/2021 |
| 07/16/2021 | SYS | Viceola Johnson | 6649 | $444.84 | | 07/16/2021 | 07/16/2021 |
| 07/09/2021 | SYS | Viceola Johnson | 6649 | $544.84 | | 07/09/2021 | 07/09/2021 |
| 07/02/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.44 | 50981 | 07/07/2021 | 07/07/2021 |
| 06/25/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.84 | 50980 | 06/14/2021 | 06/14/2021 |
| 06/11/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.84 | 50888 | 05/25/2021 | 05/25/2021 |
| 06/04/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $12.84 | 50888 | 06/09/2021 | 06/09/2021 |
| 05/04/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $12.84 | 50808 | 05/20/2021 | 05/20/2021 |
| 05/04/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.84 | 50807 | 05/16/2021 | 05/16/2021 |
| 04/16/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.84 | 50775 | 04/30/2021 | 04/30/2021 |
| 04/16/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.84 | 50775 | 04/18/2021 | 04/18/2021 |
| 04/16/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.84 | 50775 | 04/08/2021 | 04/08/2021 |
| 04/16/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $15.84 | 50775 | 04/04/2021 | 04/04/2021 |
| 04/16/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $15.84 | 50775 | 03/27/2021 | 03/27/2021 |
| 04/09/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.44 | 50763 | 03/28/2021 | 03/28/2021 |
| 04/11/2021 | SYS | MEDICAL AUDIT AND MANAGEME | 6650 | $11.44 | 50590 | 01/19/2021 | 01/19/2021 |
| 01/15/2021 | SYS | CORRIDOR LAW GROUP | 3301 | $93.94 | 50287 | 08/19/2020 | 08/19/2020 |
| 12/04/2021 | SYS | THE ORTHOPAEDIC INSTITUTE | 6650 | $108.00 | 52971 | 08/08/2020 | 08/08/2020 |
| 11/09/2020 | SYS | MEDRISK INC | 3016 | $107.50 | 52712 | 07/23/2020 | 07/23/2020 |
```


sedgwick

E & B
p. 7 of 12

Date: 03/23/2022  9:53am

Page: 6
Date Loss : 07/03/2020

Claim Number : BARN-0188
Client : 75740001 - Barr-Nunn Transportation, Inc
Account : - Barr-Nunn Transportation, Inc
Unit : - Barr-Nunn Transportation
Claimant : Johnson, Viceala

| Pay Date | St. | Payee | Cd. | Amount | Check # | From | Thru |
|---|---|---|---|---|---|---|---|
| 12/28/2020 | SYS | MEDRISK INC | 316 | $167.50 | 5271 | 10/30/2020 | 10/30/2020 |
| 12/04/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5251 | 08/17/2020 | 08/17/2020 |
| 12/04/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5251 | 07/30/2020 | 07/30/2020 |
| 12/04/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5251 | 07/10/2020 | 07/10/2020 |
| 11/24/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5248 | 07/09/2020 | 07/09/2020 |
| 11/24/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5248 | 07/03/2020 | 07/03/2020 |
| 11/18/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5246 | 07/14/2020 | 07/14/2020 |
| 11/18/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5246 | 08/12/2020 | 08/12/2020 |
| 10/06/2020 | SYS | MEDRISK INC | 316 | | 5101 | 09/03/2020 | 09/03/2020 |
| 09/30/2020 | SYS | JOHNSON, VICEOLA | 388 | | 5051A | 09/12/2020 | 09/18/2020 |
| 09/30/2020 | SYS | THE ORTHOPAEDIC INSTITUTE, | 301 | | 5051A | 07/30/2020 | 07/30/2020 |
| 08/04/2020 | SYS | ALIGN NETWORKS, INC | 316 | | 4808 | 07/31/2020 | 07/31/2020 |
| 08/04/2020 | SYS | ALIGN NETWORKS, INC | 316 | | 4808 | 07/13/2020 | 07/13/2020 |
| 03/03/2020 | SYS | ALIGN NETWORKS, INC | 316 | | 4800 | 07/10/2020 | 07/10/2020 |
| 03/03/2020 | SYS | ALIGN NETWORKS, INC | 316 | | 4800 | 07/10/2020 | 07/10/2020 |
| 03/03/2020 | SYS | ALIGN NETWORKS, INC | 316 | | 4800 | 07/10/2020 | 07/10/2020 |
| 12/04/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 650 | | 6500 | 07/13/2020 | 07/13/2020 |
| 12/04/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 650 | | 6500 | 07/13/2020 | 07/13/2020 |
| 12/04/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5251 | 08/17/2020 | 08/17/2020 |
| 11/24/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5248 | 07/09/2020 | 07/09/2020 |
| 11/24/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5248 | 07/03/2020 | 07/03/2020 |
| 11/18/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5246 | 07/14/2020 | 07/14/2020 |
| 11/15/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5199 | 07/08/2020 | 07/08/2020 |
| 10/15/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5199 | 07/08/2020 | 07/08/2020 |
| 10/15/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5199 | 07/06/2020 | 07/06/2020 |
| 10/15/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5199 | 07/30/2020 | 07/30/2020 |
| 10/15/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | 5199 | 07/30/2020 | 07/30/2020 |

---TRANSACTION TOTALS---

$3,907.16



Ex. B
p. 8 of 12



Date: 03/23/2022   9:53am                                                                 Page:      7
=================================================================
Claim Number : BARN-0188
Client       : Barr-Numn Transportation, Inc
Acent        : 75740001   - Barr-Numn Transportation, Inc
Unit         : 1          - Barr-Numn Transportation
Claimant     : Johnson, Viceola                                         Date Loss : 07/03/2020
Claim        : Johnson, Viceola
=================================================================
-------------------------------TRANSACTION TOTALS------------------------------

| Pay Date | St. | Payee | Cd. | Amount | Check # | From | Thru |
|---|---|---|---|---|---|---|---|
| 10/15/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 10/01/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/28/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/28/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/28/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/28/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/25/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/25/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/25/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/25/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/25/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/25/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/25/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/25/2020 | SYS | JOHNSON, VICEOLA | 1802 | | | | |
| 09/25/2020 | SYS | JOHNSON, VICEOLA | 3888 | | | | |
| 09/18/2020 | SYS | ALIGN NETWORKS, INC | 3116 | | | | |
| 09/18/2020 | SYS | ALIGN NETWORKS, INC | 3116 | | | | |
| 09/18/2020 | SYS | ALIGN NETWORKS, INC | 3116 | | | | |
| 09/18/2020 | SYS | MEDRISK INC | 3116 | | | | |
| 09/18/2020 | SYS | THE ORTHOPAEDIC INSTITUTE | 3002 | | | | |
| 09/18/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3016 | | | | |
| 09/18/2020 | SYS | JOHNSON, VICEOLA | 1802 | | | | |
| 09/18/2020 | SYS | JOHNSON, VICEOLA | 3888 | | | | |
| 09/11/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/11/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/11/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | | | |
| 09/11/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 649 | | | | |
| 09/11/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3001 | | | | |
| 09/11/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3001 | | | | |
| 09/11/2020 | SYS | OCCUPATIONAL HEALTH CTRS O | 3016 | | | | |
| 09/11/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |
| 09/11/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | | | | |

(Handwritten note at bottom: Exh B  p. 9 of 12)

```
Date: 03/23/2022  9:53am                                                                      Page:      8
Claim Number : BARN-0188
Client       : 75740001  - Barr-Numn Transportation, Inc
Account      :           - Barr-Numn Transportation, Inc
Unit         : 1         - Barr-Numn Transportation, Inc
Claimant     : Johnson, Viceola                                                               Date Loss : 07/03/2020
```

----TRANSACTION TOTALS----

| Pay Date | St. | Payee | Cd. | Amount | Check # | From | Thru |
|---|---|---|---|---|---|---|---|
| 09/11/2020 | SYS | OCCUPATIONAL HEALTH CTRS O | 3011 | $14.39 | 5146 | 07/08/2020 | 07/08/2020 |
| 09/11/2020 | SYS | OCCUPATIONAL HEALTH CTRS O | 3011 | $164.39 | 5146 | 07/04/2020 | 07/04/2020 |
| 09/11/2020 | SYS | OCCUPATIONAL HEALTH CTRS O | 3011 | $54.71 | 5146 | 07/08/2020 | 07/08/2020 |
| 09/11/2020 | SYS | OCCUPATIONAL HEALTH CTRS O | 3011 | $1,052.10 | 5146 | 07/21/2020 | 07/21/2020 |
| 09/11/2020 | SYS | OCCUPATIONAL HEALTH CTRS O | 3011 | $822.10 | 5144 | 09/04/2020 | 09/04/2020 |
| 09/14/2020 | SYS | JOHNSON, VICEOLA | 1002 | $804.71 | 5144 | 09/04/2020 | 09/04/2020 |
| 09/14/2020 | SYS | JOHNSON, VICEOLA | 1002 | $804.71 | 5144 | 09/04/2020 | 09/04/2020 |
| 08/31/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3016 | $138.70 | 5138 | 09/04/2020 | 09/04/2020 |
| 08/31/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3016 | $138.70 | 5138 | 08/31/2020 | 08/31/2020 |
| 08/21/2020 | SYS | JOHNSON, VICEOLA | 1002 | $804.71 | 5134 | 08/28/2020 | 08/28/2020 |
| 08/21/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3016 | $138.70 | 5134 | 08/21/2020 | 08/21/2020 |
| 08/21/2020 | SYS | JOHNSON, VICEOLA | 1002 | $804.71 | 5134 | 08/21/2020 | 08/21/2020 |
| 08/20/2020 | SYS | JOHNSON, VICEOLA | 1002 | $99.99 | 5130 | 08/14/2020 | 08/14/2020 |
| 08/14/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | $99.99 | 5125 | 08/14/2020 | 08/14/2020 |
| 08/12/2020 | SYS | MEDICAL AUDIT AND MANAGEME | 6550 | $99.99 | 5125 | 08/11/2020 | 08/11/2020 |
| 08/12/2020 | SYS | JOHNSON, VICEOLA | 1002 | $245.71 | 5125 | 07/31/2020 | 07/31/2020 |
| 08/07/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3101 | $245.71 | 5116 | 08/07/2020 | 08/07/2020 |
| 08/03/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3016 | $122.71 | 5106 | 07/31/2020 | 07/31/2020 |
| 08/03/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3106 | $122.71 | 5106 | 07/31/2020 | 07/31/2020 |
| 08/03/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3101 | $804.71 | 5106 | 07/24/2020 | 07/24/2020 |
| 07/31/2020 | SYS | OCCUPATIONAL HEALTH CENTER | 3016 | $804.71 | 5103 | 07/24/2020 | 07/24/2020 |
| 07/31/2020 | SYS | JOHNSON, VICEOLA | 1002 | $138.70 | 5099 | 07/24/2020 | 07/24/2020 |
| 07/23/2020 | SYS | WellComp | 5802 | $136.70 | 5099 | 07/24/2020 | 07/24/2020 |
| 07/23/2020 | SYS | JOHNSON, VICEOLA | 1002 | $2,413.33 | 5081 | 07/17/2020 | 07/17/2020 |
| 07/17/2020 | SYS | JOHNSON, VICEOLA | 388 | $167.90 | 5074 | 07/04/2020 | 07/04/2020 |
|            | SYS | YORK RISK SERVICES GROUP I | 339 | $7.90 |  |  |  |
```

| Benefit Type | Pay Code | Pay From | Pay Through | Benefit Total |
|---|---|---|---|---|
| Temporary Total Disability | 1102 | 07/04/2020 | 10/09/2020 | $11,263.14 |
| Temporary Total Disability |  |  |  |  |
| Perm. Partial-Unscheduled | 3005 | 07/24/2020 | 07/24/2020 | $37,906.62 |
| Perm. Partial-Scheduled | 3011 | 07/17/2020 | 07/17/2020 | $21,901.57 |
| Doctor |  |  |  | $154.39 |
| Doctor |  |  |  | $94.39 |
| Doctor |  |  |  | $122.71 |
| Doctor |  |  |  | $142.10 |
```


Sedgwick

Exh. B
p. 10 Of 12


sedgwick

```
Date: 03/23/2022   9:53am                                                        Page:          9
                                                                                 Date Loss : 07/03/2020
Claim Number : BARN-0188
Account      : 757400001 - Barr-Numn Transportation, Inc
Unit         : - Barr-Numn Transportation, Inc
Client       : - Barr-Numn Transportation, Inc
Claimant     : Johnson, Viceola
```

------------------------------TRANSACTION TOTALS------------------------------

| Benefit Type | Pay Code | Pay From | Pay Through | Benefit Total |
|---|---|---|---|---|
| Doctor | 301 | 08/07/2020 | 08/07/2020 | $115.64 |
| Doctor | 301 | 08/13/2020 | 08/13/2020 | $24.60 |
| Doctor | 301 | 10/08/2020 | 10/08/2020 | $990.01 |
| Physical Therapy | 316 | 07/06/2020 | 07/06/2020 | $221.43 |
| Physical Therapy | 316 | 07/16/2020 | 07/16/2020 | $111.70 |
| Physical Therapy | 316 | 07/20/2020 | 07/20/2020 | $39.45 |
| Physical Therapy | 316 | 07/22/2020 | 07/22/2020 | $39.45 |
| Physical Therapy | 316 | 07/24/2020 | 07/24/2020 | $39.45 |
| Physical Therapy | 316 | 07/28/2020 | 07/28/2020 | $39.45 |
| Physical Therapy | 316 | 07/30/2020 | 07/30/2020 | $39.45 |
| Physical Therapy | 316 | 08/01/2020 | 08/01/2020 | $39.45 |
| Physical Therapy | 316 | 08/03/2020 | 08/03/2020 | $39.45 |
| Physical Therapy | 316 | 09/28/2020 | 09/28/2020 | $39.45 |
| Physical Therapy | 316 | 09/30/2020 | 09/30/2020 | $39.45 |
| Physical Therapy | 316 | 09/28/2020 | 09/28/2020 | $39.45 |
| Physical Therapy | 316 | 09/30/2020 | 09/30/2020 | $39.45 |
| Physical Therapy | 316 | 09/09/2020 | 09/09/2020 | $39.45 |
| Physical Therapy | 316 | 09/09/2020 | 09/09/2020 | $39.45 |
| Physical Therapy | 316 | 09/09/2020 | 09/09/2020 | $39.45 |
| Physical Therapy | 316 | 09/09/2020 | 09/09/2020 | $39.45 |
| Physical Therapy | 316 | 11/23/2020 | 11/23/2020 | $39.45 |
| Physical Therapy | 316 | 11/02/2020 | 11/02/2020 | $39.45 |
| Physical Therapy | 316 | 10/05/2020 | 10/05/2020 | $39.45 |
| Physical Therapy | 316 | 10/28/2020 | 10/28/2020 | $39.45 |
| Physical Therapy | 316 | 11/04/2020 | 11/04/2020 | $39.45 |
| Physical Therapy | 316 | 11/30/2020 | 11/30/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |
| Physical Therapy | 316 | 11/21/2020 | 11/21/2020 | $39.45 |
| Physical Therapy | 316 | 11/21/2020 | 11/21/2020 | $39.45 |
| Physical Therapy | 316 | 11/21/2020 | 11/21/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |
| Physical Therapy | 316 | 12/02/2020 | 12/02/2020 | $39.45 |

Exh. B
p. 11 of 12



sedgwick®

Date : 03/23/2022   9:53am                                                                                    Page:        10
                                                                                                              Date Loss : 07/03/2020

Claim Number : BNN-0188
Accent : 11 - Barr-Nunn Transportation, Inc
Account : 75740001 - Barr-Nunn Transportation, Inc
Unit : 1 - Barr-Nunn Transportation
Claimant : Johnson, Viceola

```
---------------------------------TRANSACTION TOTALS---------------------------------
```

| Benefit Type | Pay Code | Pay From | Pay Through | Benefit Total |
|---|---|---|---|---|
| Travel Expense - Medical | 388 | 07/04/2020 | 07/10/2020 | $413.10 |
| Travel Expense - Medical | 388 | 07/13/2020 | 07/13/2020 | $142 |
| Travel Expense - Medical | 388 | 08/28/2020 | 09/02/2020 | $557.13 |
| Travel Expense - Medical | 388 | 10/02/2020 | 10/30/2020 | $53.13 |
| Index System Fee | 639 | 10/20/2020 | 10/20/2020 | |
| PPO Network Fee | 649 | 07/17/2020 | 07/17/2020 | |
| PPO Network Fee | 649 | 07/31/2020 | 07/31/2020 | |
| PPO Network Fee | 649 | 08/07/2020 | 08/07/2020 | |
| PPO Network Fee | 649 | 08/11/2020 | 08/11/2020 | |
| PPO Network Fee | 649 | 08/24/2020 | 08/24/2020 | |
| PPO Network Fee | 649 | 09/14/2020 | 09/14/2020 | |
| PPO Network Fee | 649 | 09/24/2020 | 09/24/2020 | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| PPO Network Fee | 649 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |
| Medical Bill Audit Fee | 650 | | | |

Exh. B
p. 12 of 12

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CLAYTON COUNTY, GEORGIA

**2022CV00772-10**

**Shana Rooks Malone**
MAR 28, 2022 04:03 PM

Jacquline D. Wills, Clerk
Clayton County, Georgia

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| VICEOLA JOHNSON, | : | CIVIL ACTION FILE |
| Plaintiff | : | NO.: 2022CV00772-10 |
| v. | : | |
| | : | |
| DOE 1, JOHN | : | |
| DOE 2, JOHN | : | |
| DOE 3, JOHN | : | |
| FEDEX GROUND PACKAGE SYSTEM. INC. | : | |
| Defendants. | : | |

### PROPOSED INTERVENORS' BRIEF IN SUPPORT OF
### MOTION FOR INTERVENTION AND SPECIAL VERDICT

COME NOW, BARR-NUNN TRANSPORTATION, Employer and Self-Insurer (the "proposed Intervenors"), and file this Brief in Support of their Motion for Intervention and Special Verdict in the above-styled action, and in support of their Motion show the Court as follows:

### STATEMENT OF FACTS

The Plaintiff, Viceola Johnson, sustained serious injuries when she was involved in an accident on July 3 2020 while a business invitee on the premises of FEDEX located at 4615 and/or 4665 Southpark Blvd Ellenwood GA while working for Barr-Nunn. The plaintiff, while walking to her tractor on the property, sustained a fall resulting in a compensable workers' compensation claim paid in full and ongoing by the proposed Intervenors. The above-captioned action is a complaint filed by Plaintiff seeking damages for the injuries she sustained from that accident. Because the injuries arose out of and in the course of employment, medical and lost wage benefits have been provided to the Plaintiff by Insurance Company of the West, the Workers' Compensation Servicing Agent, since July 3, 2020. Through March 25, 2022, the total amount of the Subrogation Lien is $72,578.37, comprised of medical benefits in the amount of $8,247.05, with associated expenses of an additional $5,717.82 (total of $ 13,964.87) and wage loss benefits in the amount of $ 58,613.50  As additional

payments for indemnity or medical expenses are likely to be paid by the Employer/Insurer on this claim, the amount of the Subrogation Lien will increase.

## **ARGUMENT AND CITATION OF AUTHORITY**

The proposed Intervenors move the Court for leave to intervene in this third-party tort suit, pursuant to O.C.G.A. § 9-11-24 and 34-9-11.1, in order to assert and protect their Workers' Compensation subrogation lien.

O.C.G.A. § 9-11-24(a)(1) provides that, upon timely application, a party may intervene as a matter of right when a statute confers "an unconditional right" to intervene.  Department of Administrative Services v. Brown, 219 Ga. App. 27, 28.  O.C.G.A. § 34-9-11.1(b) confers such an "unconditional right" to the intervenor in the case *sub judice*.

O.C.G.A. § 34-9-11.1(b) provides that in the event an employee has a right of action against a third-party tortfeasor and the employer's liability has been fully or partially paid, the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid against such recovery.  The employer or insurer may intervene in any action to assert and enforce such lien.  However, the employer's or insurer's recovery shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

A lienholder's interest normally is not adequately represented by the employee, because both the employee and the third party potentially stand to benefit if the lien can be defeated.  Redmond v. Devine, 504 N.E.2d 138 (Ill. App. Ct. 1987).  Similarly, lienholders meet the criteria for permissive intervention because their claim and the main action have both questions of law and of fact in

common, i.e., the nature and extent of the plaintiff's injuries and the liability of the defendants for those injuries.  O.C.G.A. § 9-11-24(b).

In Georgia, the Trial Court is charged with determining whether a motion to intervene to enforce a Workers' Compensation subrogation lien is timely.  Sommers v. State Compensation Insurance Fund, 229 Ga. App. 352, 494 S.E.2d 82 (1997); AC Corp. v. Myree, 221 Ga. App. 515, 471 S.E.2d 925 (1996).  Failure to allow intervention amounts to an abuse of discretion when each of the following are present: (i) a motion to intervene is filed before final judgement; (ii) where the rights of the intervening party have not been protected, and (iii) where the denial of intervention would dispose of the intervening party's cause of action.  Furthermore, the intervention need not be brought within the two-year limitation period for filing the lawsuit.  Payne v. Dundee Mills, Inc. 235 Ga. App 514, 510 S.E.2d 67 (1998), cert. denied (Ga. Apr. 9, 1999).  Similarly, the federal courts have held that intervention by a party whose only interest in the litigation is a lien on the proceeds is proper at any time before final judgment.  Meredith v. Schreiner Transp., Inc., 814 F. Supp. 1001 (D. Kansas. 1993).

A special verdict is necessary because a jury's return of a verdict which is in excess of special damages proved but is less than those requested by the plaintiff does not create a presumption that the plaintiff has been fully compensated.  Bartow County Board of Education v. Ray, 229 Ga. App. 333 (1997).  A special verdict which spells out the amounts awarded for all categories of damages which does exceed the amount of special damages proved will support a finding that the plaintiff has been fully compensated.  Sommers v. State Compensation Insurance Fund, 229 Ga. App. 352, 494 S.E.2d 82 (1997).  If the Trial Court finds that the plaintiff had been fully compensated, it has been held that the Trial Court is authorized to reduce the judgment in favor of the plaintiff against the third-party tortfeasor by the amount of the subrogation lien.  Powell v. Daniels Construction & Demolition

Company, 232 Ga. App. 422, 501 S.E.2d 578 (1998).

In the above referenced matter, proposed Intervenors have a valid lien pursuant to OCGA §34-9-11.1 by virtue of the indemnity and medical payments tendered to the Plaintiff pursuant to Title 34. Because the proposed Intervenors have deemed the claim compensable, and the claim arises from the actions of a potentially negligent set of third parties, the lien is valid and pending against any potential resolution by settlement or verdict at trial. The proposed Intervenors are therefore entitled by law to enter this action to assert their statutory lien in the amounts noted above, said lien to remain in place until it is resolved post-settlement, post-verdict, or is extinguished by operation of law or motion of an associated party.

WHEREFORE, the proposed Intervenors move for leave of Court to allow filing of the attached Motion For Intervention and Special Verdict and request that this Court grant their Motion for Intervention and Special Verdict to allow the Employer/Insurer in the Workers' Compensation case to intervene in this action and recover the lost wage and medical benefits they have paid and will pay to the Plaintiff and her medical providers for injuries sustained as a result of her July 3, 2020 accident, and for an Order providing as follows:

(1)     The Intervenors will not be named in the style of the case.

(2)     The Plaintiff must present to the jury "all available evidence" of economic and non-economic damages.

(3)     The Plaintiff must do nothing at the trial to prejudice the Intervenors' lien.

(4)     The jury will return a special verdict, separating the various special damages.

(5)     The Intervenors may present evidence to support their lien outside the jury's presence.

(6)     The Plaintiff may raise objections and present evidence disputing the validity or extent of the Intervenors' claim.

(7)   If the Plaintiff recovers from the Defendants, the Court shall apportion a reasonable attorneys' fee between the Plaintiff's attorney and the Intervenors' attorney in proportion to the services rendered under O.C.G.A. § 34-9-11.1(d).  Sommers v. State Compensation Insurance Fund, 229 Ga. App. 352, 494 S.E.2d 82 (1997).

This 28th day of March 2022.

/s/ Benjamin A. Leonard, Esq.
**BENJAMIN A. LEONARD, ESQ.**
Georgia Bar No.: 566560
Attorney for Intervenors

**CIPRIANI & WERNER, P.C.**
960 North Point Parkway, Suite 425
Alpharetta, GA 30005
(470) 740-4100 (telephone)
(470) 740-1411 (facsimile)

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| VICEOLA JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2022-CV-00772-10 |
| vs. | ) | |
| | ) | |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., JOHN DOE 1, JOHN | ) | |
| DOE 2, JOHN DOE 3 and ABC INC., | ) | |
| WHOSE TRUE NAMES ARE | ) | |
| CURRENTLY UNKNOWN TO | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant FedEx Ground Package System, Inc. (hereinafter, "FedEx Ground"), by and through its undersigned counsel, and herein responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against FedEx Ground upon which relief may be granted.

### SECOND DEFENSE

FedEx Ground denies any negligence and denies that it breached any duty owed to Plaintiff, thus, there can be no recovery in this action against FedEx Ground.

## THIRD DEFENSE

No act or omission of FedEx Ground either proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiff; therefore, there can be no recovery against FedEx Ground in this action.

## FOURTH DEFENSE

The sole proximate cause of Plaintiff's damages, if any, was the negligence, subsequent acts, or subsequent omissions of others, for whose negligence, subsequent acts, or subsequent omissions FedEx Ground was and is in no way liable; therefore, there can be no recovery against FedEx Ground in this action.

## FIFTH DEFENSE

FedEx Ground breached no duty whatsoever to Plaintiff, whether arising by statute, by common law, or otherwise, with the result that there can be no recovery against FedEx Ground in this action.

## SIXTH DEFENSE

To the extent shown by the evidence, Plaintiff failed to exercise ordinary care for her own safety and, therefore, are not entitled to any recovery from FedEx Ground.

## SEVENTH DEFENSE

Plaintiff's claims are barred by Georgia's Exclusive Remedy Rule and, therefore, cannot recover against FedEx Ground.

## EIGHTH DEFENSE

FedEx Ground asserts all affirmative defenses available pursuant to O.C.G.A. §§ 9-11-8 and 9-11-12 not herein asserted which may be supported by any evidence in this action.

2

## NINTH DEFENSE

To the extent any allegations or averments set forth in Plaintiff's Complaint have not been addressed in the foregoing Affirmative Defenses or Answers to specific paragraphs of Plaintiff's Complaint, the same are hereby denied.  FedEx Ground reserves the right to amend this Answer as discovery is conducted, as information is acquired, and as additional facts become known to FedEx Ground that would entitle FedEx Ground to assert additional, appropriate defenses.

With regard to the individual paragraphs of Plaintiff's Complaint, Defendant FedEx Ground further responds as follows:

1.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 1 of Plaintiff's Complaint; accordingly, those allegations stand denied.

2.

FedEx Ground admits that it is a Delaware corporation with a principal place of business in Pennsylvania and owns the property located at 4665 Southpark Boulevard in Ellenwood, Clayton County, Georgia.  FedEx Ground denies the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

3.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 3 of Plaintiff's Complaint; accordingly, those allegations stand denied.

4.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 4 of Plaintiff's Complaint; accordingly, those allegations stand denied.

5.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 5 of Plaintiff's Complaint; accordingly, those allegations stand denied.

6.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 6 of Plaintiff's Complaint; accordingly, those allegations stand denied.

7.

FedEx Ground admits the allegations in Paragraph 7 of Plaintiff's Complaint.

## **BACKGROUND**

8.

FedEx Ground admits that, on date and time stated, Plaintiff was a business invitee on property occupied by FedEx Ground in Ellenwood, Georgia.  Unless expressly admitted, the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint are denied.

9.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 9 of Plaintiff's Complaint; accordingly, those allegations stand denied.

10.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 10 of Plaintiff's Complaint; accordingly, those allegations stand denied.

11.

FedEx Ground denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.

FedEx Ground admits that it was responsible for maintaining the area at issue.  Unless expressly admitted, the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint are denied.

13.

FedEx Ground denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14.

FedEx Ground denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

## **COUNT I – PREMISES LIABILITY**

15.

FedEx Ground realleges and incorporates its responses to Paragraphs 1 through 14 as though fully stated herein.

16.

FedEx Ground upon information and belief admits the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.

FedEx Ground admits that it owed a duty to invitees.  FedEx Ground denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint to the extent that they suggest any liability on the part of FedEx Ground.

18.

FedEx Ground denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19 of Plaintiff's Complaint; accordingly, those allegations stand denied.

20.

FedEx Ground denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

## COUNT II – LIABILITY AS TO JOHN DOE DEFENDANTS

21.

FedEx Ground realleges and incorporates its responses to Paragraphs 1 through 20 as though fully stated herein.

22.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 22 of Plaintiff's Complaint; accordingly, those allegations stand

denied.

23.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 23 of Plaintiff's Complaint; accordingly, those allegations stand denied.

24.

FedEx Ground lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 24 of Plaintiff's Complaint; accordingly, those allegations stand denied.

## **COUNT III – DAMAGES**

25.

FedEx Ground realleges and incorporates its responses to Paragraphs 1 through 24 as though fully stated herein.

26.

FedEx Ground denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.

FedEx Ground denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint, including all sub-parts.

Responding to Plaintiff's prayer for relief, FedEx Ground denies that Plaintiff is entitled to any relief from it under any theory, at law or in equity, and demands strict proof thereof.

**WHEREFORE**, having listed its defenses and fully answered the allegations set forth in Plaintiff's Complaint, FedEx Ground prays as follows:

(a)     that judgment be entered in favor of FedEx Ground and against Plaintiff on the Complaint;

(b)     that the cost of this action, including attorney's fees be cast against Plaintiff; and

(c)     that the Court grant such other and further relief as it may deem just and proper under the facts and circumstances of this action.

Respectfully submitted this 27th day of April, 2022.

/s/ Cassie D. Preston
Cassie D. Preston
Georgia Bar No. 940960

**CALLAHAN & FUSCO, LLC**
160 Clairmont Avenue, Suite 340
Decatur, GA 30030
Phone: (877) 618-9770
Facsimile: (973) 618-9772
cpreston@callahanfusco.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing *FedEx Ground Package System, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA participants. Counsel of record is as follows: Richard A. Staggard, Farah & Farah, P.A., 10 West Adams Street, Jacksonville, Florida 32202, rstaggard@farahandfarah.com

This 27th day of April, 2022.

Respectfully submitted,

**CALLAHAN & FUSCO, LLC**

*/s/ Cassie D. Preston*
Cassie D. Preston
Georgia Bar No. 940960
*Attorney for Defendant*